**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALBERT N. HEICHBERGER,

        Plaintiff,

vs.                                                 Case No. 3:18-cv-1237-J-32JBT

(FORMERLY) BANKERS LIFE INSURANCE
COMPANY (CURRENTLY) PRINCIPLE
LIFE INSURANCE COMPANY,

        Defendant.

## ORDER

On August 1, 2018, pro se plaintiff Albert N. Heichberger, a 79 year old veteran of the Korean War, filed a complaint in state court against defendant Principle [sic] Life Insurance Company (formerly known as Bankers Life Insurance Company) seeking to collect on a policy "with a cash value of approximately $26,550.00." See Doc. 7 at 1 (title). Elsewhere in his complaint, Mr. Heichberger explains how he arrived at this figure, stating he seeks a "court award" of insurance in the amount of $10,000, dividends in an estimated amount of $6,000, court costs in the amount of $450.00, fourteen years of legal interest in the amount of $10,000.00, and miscellaneous costs in the amount of $100.00. Id. at 3. In the "wherefore" clause above his signature, Mr. Heichberger states

> Plaintiff(s)[1] ask the Court to find the Plaintiff(s) not guilty of all Defendants' counter complaints, and request payment of $26,550.00 in full, net 30 days Cash or cash equivalent plus all Court Costs, Attorney Fees & costs of suit and all other relief payable by the court.

Id. at 6. He reiterates these figures throughout the complaint and in his attachments thereto. In the civil cover sheet he filed in state court, Mr. Heichberger checked boxes to indicate this is a contract case for which he is seeking monetary damages. He did not check the box to seek punitive damages and wrote on the form that he has one cause of action for theft in the amount of $16,000. Doc. 1-2 at 3.

Defendant Principal Life Insurance removed this case to federal court on October 18, 2018 contending that this Court has diversity jurisdiction.[2] See Doc. 1. Mr. Heichberger filed a motion requesting to "dismiss" the case from federal court (Doc. 6), in which he references the "current" state court lawsuit, offers to settle the federal case for $141,010, and explains the evidence he has to support his claim, suggesting that Principal is wasting the federal court's time. Thereafter, he filed a timely motion to remand (Doc. 11), contending that the amount in controversy is only

---

[1] Mr. Heichberger is the only plaintiff. The possibly plural "plaintiff(s)" may be the result of Mr. Heichberger having consulted a form pleading, or perhaps refers to his wife, as Mr. Heichberger states elsewhere in the complaint that he seeks the policy proceeds to pay for his and his wife's burial expenses for plots they have reserved in the National Cemetery in Jacksonville.

[2] Principal's removal was without waiver of its defenses, including that it was not properly served with process. The Court takes no position on that.

estimated to be $26,550 and noting there are no attorney's fees since he's proceeding pro se.[3] Mr. Heichberger also filed other papers, one styled "Introduction of Evidence," which explains his damages calculations and references his supporting documents (Doc. 8), and another which demands a jury trial and seeks to introduce an "Insurance Time Line Cash Flow" (Doc. 12). Principal filed its own motion to dismiss (Doc. 5) and a response to Mr. Heichberger's motion to "dismiss" and motion to remand (both of which it construes, as does the Court, as seeking a remand) (Doc. 13).

A federal court may exercise diversity jurisdiction when there is complete diversity of citizenship between plaintiff and defendant and when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Principal contends (and supports with a declaration (Doc. 1-1)[4]) that it is an Iowa corporation with its principal place of business in Des Moines, Iowa, and that Mr. Heichberger is a citizen of Florida. Thus, the Court is satisfied (and Mr. Heichberger does not contest) that the parties' citizenship is diverse. The issue is whether the requisite amount in controversy has been met.

---

[3]Mr. Heichberger "revised" his motion on November 20, 2018 (Doc. 16), but the revision does not change the substance and the Court need not wait for Principal to respond before ruling.

[4]Mr. Heichberger's motion requesting that Principal provide a notarized affidavit instead of a declaration (Doc. 14) (to which Principal responded (Doc. 15)) is denied.

3

As the removing party, Principal bears the burden of proving that federal jurisdiction exists. Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). If a plaintiff's state court complaint "demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" Dart Cherokee Basin Op. Co., LLC v. Owens, 135 S.Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2)). In that circumstance, a removing defendant "must prove to a legal certainty" that plaintiff's claim satisfies the jurisdictional threshold. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). If, on the other hand, the plaintiff has not pled "a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319 (citation omitted); see also 28 U.S.C. § 1446(c)(2)(B) (referencing preponderance standard for determining amount in controversy). The amount in controversy must be satisfied at the time of removal. S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014).

Principal contends that because Mr. Heichberger's complaint includes an estimation of damages and because he requests "other relief," he has not pled a specific amount of damages and Principal therefore need only demonstrate by a preponderance that his claim is actually worth more. Principal goes on to explain that, given Mr. Heichberger's allegations of fraud and criminal activity, under New York law

4

(which Principal contends governs here) he could pursue consequential damages beyond those directly related to performance of the contract, as well as punitive damages.

The Court rejects both of these premises. First, the only measure of damages Mr. Heichberger "estimated" is the $6,000 in dividends, which estimation he incorporates into his demand for $26,550. In the final paragraph of his complaint, he demands "payment of $26,550 in full, net 30 days Cash or cash equivalent plus all Court Costs, Attorney Fees & costs of suit and all other relief payable by the court." Doc. 7 at 6. The court costs demanded by Mr. Heichberger are not considered for purposes of determining the amount in controversy, and he is proceeding pro se, so there are no attorney's fees. That leaves his request for "all other relief payable by the court." The Court rejects Principal's contention that this phrase (the words of which or something like it are common to nearly every complaint ever filed) turns Mr. Heichberger's complaint into a demand for an indeterminate sum. Moreover, while some plaintiffs file state court complaints seeking damages in an amount "less than" the federal court's jurisdictional threshold (presumably to avoid removal), there is no authority for the proposition that such language is required given a demand for a specific sum.[5] Where the plaintiff has made a demand for a sum certain, that sum is

---

[5]The cases upon which Principal relies do not hold to the contrary. In Ponce v. Fontainebleau Resorts, LLC, 653 F. Supp. 2d 1297 (S.D. Fla. 2009), the court granted plaintiffs' motion to remand where they did not seek a specific sum of damages but

deemed to be the amount in controversy. Dart Cherokee, 135 S. Ct. at 551. So it is here.[6]

---

instead sought various categories of damages, including back pay, front pay, compensatory damages, punitive damages, and attorney's fees, in an amount that did "not exceed the sum of $75,000.00 for any and all relief." Id. at 1299. In Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th 1994), the Eleventh Circuit held the district court did not have jurisdiction to rule on summary judgment because the case should have been remanded to state court where plaintiff sought various categories of damage "in such sum as the jury determines to be just, lawful, and fair, but not more than" the jurisdictional limit of federal court. Id. at 1094. Here, by contrast, plaintiff has requested a specific amount– $26,550.00– an amount which is obviously far less than the jurisdictional threshold. Mr. Heichberger did not need to use any magic words to say so and these cases do not hold otherwise.

Relying on Morrison v. Allstate Indem., Co., 228 F.3d 1255 (11th Cir. 2000), Principal states that even if Mr. Heichberger had limited his damages to $26,550, that number would not control because the Court owes his allegations "only 'some deference.'" Doc. 13 at 3 n.4. The complaint in Morrison was filed in federal court by a proposed class of automobile owners who were seeking to recover from their auto insurers the diminished value of their vehicles following auto accidents. Id. at 1259. Having determined on appeal that the plaintiffs could not aggregate their damages to satisfy the jurisdictional threshold, the question was whether any individual plaintiff could possibly have auto damages in excess of $75,000. Id. at 1271. In considering the matter, the Eleventh Circuit stated that while "a court owes some deference to a diversity plaintiff's amount in controversy allegations . . . that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations . . . [and] a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Id. at 1272 (quotations and citations omitted). Principal, who invokes and bears the burden of demonstrating subject matter jurisdiction, either misrepresents or fails to appreciate the context of the language it quotes. Either way, the Court declines Principal's invitation to rely on Morrison as a basis to reject Mr. Heichberger's allegations.

[6]Indeed, the amount in controversy for purposes of diversity jurisdiction may be even less than Mr. Heichberger alleges because the Court cannot consider "interest and costs." 28 U.S.C. § 1332(a).

However, even if the Court agreed that the amount was indeterminate, Principal has not satisfied its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. Principal argues that it has met its burden because Mr. Heichberger's request for "other relief" might include additional compensatory damages beyond the contract damages and/or might include punitive damages. Principal supports this argument by citing to the many references in the complaint to fraudulent and criminal activity Mr. Heichberger claims Principal has engaged in. But Mr. Heichberger had an opportunity to check the box on the civil cover sheet to request punitive damages and he did not. Moreover, his complaint specifically states: "This case is Not for criminal charges; civil only. We reserve the right for future criminal charges based on the Court Decision." Doc. 7 at 6, Note. And again, his complaint carefully explains his damages calculations– they do not include the types of damages Principal contends he could seek. On this record, Principal has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[7] Principal's frivolous request that the Court delay ruling on the

---

[7]Because the Court finds that the amount in controversy is facially apparent from the complaint, it need not consider Mr. Heichberger's post-removal offer to settle this case for $141,010 (see Doc. 6 (dated Oct. 23, 2018)). See, e.g., Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 755-56 (11th Cir. 2010) (discussing other evidence that may bear on the amount in controversy when it is not facially apparent from the complaint). But even if the Court did consider that statement, it would not serve to tip the scale in light of the language of the complaint itself (which repeatedly explains the damages calculations), plaintiff's subsequent filings, such as his "Introduction of Evidence" and "Insurance Time Line Cash Flow" (Doc. 8), which reiterate his

motion to remand so it may conduct jurisdictional discovery is denied, as is its request for oral argument. See Doc. 13 at 7.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's motion to remand (Doc. 11, as revised (Doc. 16)) and his motion to dismiss (Doc.5), construed as part of his motion to remand, are **GRANTED**.[8] This case is remanded to the Fourth Judicial Circuit Court, in and for Duval County, Florida. Defendant's motion to dismiss (Doc. 5) shall be carried with the case for determination by the state court. Following remand, the Clerk shall close this file.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of November, 2018.

s.
Copies:

counsel of record
pro se plaintiff

Clerk of Court, Fourth Judicial Circuit Court,
in and for Duval County, Florida

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

calculations, and his motion to remand, which states that "[t]his case is less than $75,000 and in fact is only $26,550 NET estimated." Doc. 11.

[8] Because Mr. Heichberger is proceeding pro se, the Court cannot award him attorney's fees under 28 U.S.C. § 1447(c). Otherwise, it surely would.

8